IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACQUELINE A. ROGERS                      PLAINTIFF

vs.                      Civil No. 4:16-cv-04010

CAROLYN W. COLVIN                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

    Jacqueline A. Rogers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

    The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

    Plaintiff protectively filed her disability application on April 18, 2013. (Tr. 130). In this application, Plaintiff alleges being disabled due to memory loss, nerve damage to her right side, and lower back and leg problems. (Tr. 290). Plaintiff alleges an onset date of July 1, 2013.[2] (Tr. 130).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

[2] This is Plaintiff's amended alleged onset date. Her original alleged onset date was January 1, 2012.

This application was denied initially and again upon reconsideration. (Tr. 179-192).

Thereafter, Plaintiff requested an administrative hearing on her denied application. (Tr. 216-217). This hearing request was granted, and Plaintiff's administrative hearing was held on August 15, 2014 in Texarkana, Arkansas. (Tr. 145-178). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") William Webber testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c). (Tr. 150). As for her education, Plaintiff testified she had graduated from high school and completed some college courses. *Id.*

On November 14, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 127-140). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 132, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2013, her amended alleged onset date. (Tr. 132-133, Finding 2). The ALJ determined Plaintiff has the following severe impairments: seizure disorder, chronic obstructive pulmonary disease (COPD), and degenerative disc disease status post surgery. (Tr. 133-136, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 136-137, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 137-139, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the capacity to perform a wide range of light work:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that she can lift and/or carry 20 pounds occasionally, lift and/or carry 10 pounds frequently, stand/walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday.  The claimant can occasionally climb ramps/stairs, balance, stoop, bend, squat, kneel and crouch, but should [avoid] crawling or climbing ladders, ropes or scaffolds.  She can use bilateral upper extremities occasionally for overhead reaching.  The claimant must avoid more than occasional exposure to dust, fumes and other pulmonary irritants and must avoid exposure to dangerous equipment and driving.

*Id.*

The ALJ then evaluated whether Plaintiff retained the capacity to perform her Past Relevant Work ("PRW").  (Tr. 139-140, Finding 6).  Considering her RFC and other vocational considerations, the ALJ determined Plaintiff retained the capacity to perform her PRW as a pharmacy clerk, dispatcher, bail bond agent, deputy assessor, receptionist, and fast-food worker. *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 1, 2013 through the date of his decision or through November 14, 2014.  (Tr. 140, Finding 7).

Plaintiff sought review with the Appeals Council.  Thereafter, on January 4, 2016, the Appeals Council denied Plaintiff's request for review. *Id.*  On January 22, 2016, Plaintiff filed her Complaint in this case.  ECF No. 1.  Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court.  ECF Nos. 8, 12-14.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.　　**Discussion:**

In her appeal brief, Plaintiff claims the following: (A) the ALJ erred by finding her impairments did not meet the requirements of Listings 1.04 and 1.02; (B) the ALJ erred in assessing her non-exertional limitations; and (C) the ALJ erred in presenting his hypothetical to the VE. ECF No. 12 at 1-21. The Court will address each of these arguments.

　　**A.**　　**Listings 1.02 and 1.04**

Plaintiff claims her impairments meet the requirements of Listing 1.02 (Major dysfunction of a joint) and 1.04 (Disorders of the spine). ECF No. 12 at 3-10. Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met her burden of demonstrating her impairments meet the requirements of either of these Listings.

Indeed, Listing 1.02 requires a "gross anatomical deformity" and Listing 1.04 requires a

5

"disorder of the spine." In the present action, Plaintiff has not specifically demonstrated how she suffers from either. Indeed, Plaintiff makes broad allegations and provides block quotes to support those claims. Without more, the Court simply cannot find Plaintiff has met her burden of demonstrating her impairments meet the requirements of either Listing 1.02 or 1.04. Thus, the Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that the ALJ failed to consider whether claimant met the listings because the claimant provided no analysis of relevant facts or law regarding the listings).

### B. Non-Exertional Limitations

Plaintiff claims the ALJ did not properly evaluate her subjective complaints in assessing her non-exertional limitations. ECF No. 12 at 10-17. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ properly considered Plaintiff's subjective complaints. Indeed, in addition to making other findings, the ALJ specifically noted Plaintiff had been "routinely non-compliant with her medications," routinely denied having seizures which she now claims she had experienced 2-3 times per week, and was able to perform a number of daily activities including caring for herself, her pets, and elderly parents. (Tr. 139). Based upon this information, the Court finds the ALJ has supplied "good reasons" for discounting Plaintiff's subjective complaints. *See Dixon v. Sullivan,* 905 F.2d 237, 238 (8th Cir. 1990) (recognizing a court will normally defer to an ALJ's evaluation of a claimant's subjective complaints if that determination

is supported by "good reasons").

### C. Hypothetical to the VE

Plaintiff claims the ALJ's hypothetical was deficient because it did not contain all of the limitations she had alleged. ECF No. 12 at 17-21. Specifically, Plaintiff claims the ALJ failed to properly include the limitations from her right arm weakness, reduced strength in her right leg, unsteady gait, and ineffective ambulation. *Id.*

Upon review of the RFC, however, the ALJ did recognize many of these limitations and included them in his RFC evaluation and his hypothetical to the VE. For instance, as for her right arm weakness, the ALJ determined Plaintiff could only "occasionally" reach overhead. (Tr. 137, Finding 5). As for the other limitations of reduced strength, unsteady gait, and ineffective ambulation, the ALJ also noted Plaintiff could only "occasionally" climb ramps and stairs, balance, stoop, bend, squat, kneel, and crouch. *Id.* Further, the ALJ found Plaintiff should avoid crawling or climbing ladders, ropes or scaffolds. *Id.*

Plaintiff has the burden of demonstrating her limitations are greater than those found by the ALJ. *See Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004) ("A disability claimant has the burden to establish her RFC"). Here, Plaintiff has not demonstrated she has any limitations greater than those found by the ALJ. Thus, the Court finds Plaintiff has not offered a basis for reversal in this case.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE